UPHAM et v. KARRES et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8614.    Decided May 14, 1928.

(Middleton, PJ., and Mauck, J., of the 4th Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

INSURANCE—Real Estate (510 F3)
(310 F)   Any liability of an insurance company to a mortgagor, where it has paid the proceeds of policy to the mortgagee and has been subrogated to the rights of the latter, in foreclousure proceedings by the insurer and the mortgagee, must be set up by the mortgagor in his pleadings.

Appeal from Common Pleas.

Bolton, Maurer & Bolton, Cleveland, for Upham.

P. J. Berry, Cleveland, for Karres, et.

STATEMENT OF FACTS.

This is   an action brought jointly by The Hartford Fire Insurance Company and Wm. H. Upham against the defendants to foreclose a mortgage on certain real estate held and owned by said defendants.

It is averred in the first cause of action that a note for Six Thousand Five Hundred Dollars, dated August 6th, 1924, was executed and delivered by the defendants to the plaintiff, Wm. H. Upham, and in the second cause of action it is alleged that a certain mortgage on real estate was given to secure the payment of said note.

It is further alleged in the first cause of action that on the 12th day of May, 1926, for a good and valuable consideration, the plaintiff, Wm. H. Upham, negotiated and subrogated to the plaintiff, The Hartford Fire Insurance Company an interest of Five Thousand Dollars in said note and that the said Upham then retained a first interest of Fifteen Hundred Dollars in said note.

It is also further alleged in the second cause of action that the said insurance company was subrogated to the rights of said Wm. H. Upham in said note and mortgage to the extent and amount of Five Thousand Dollars.

In October, 1924, the plaintiff insurance company issued a policy of fire insurance to the defendants in the sum of Five Thousand Dollars.   This insurance was on a house standing on the real estate described in the mortgage and covered by the latter.   On November 26th, 1925, this house was wholly destroyed by fire. The policy of insurance issued by the plaintiff insurance company contained what is known as the National Board Standard Mortgage Clause, which provided that all claims arising thereunder should be paid to the mortgagee of the property.   It is provided that the interest of the mortgagee "shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property."

It is further provided in another paragraph as follows:

"On payment to such mortgagee * * * of any sum for loss or damage hereunder, if this company shall claim that as to the mortgagor or owner no liability existed, it shall to the extent of such payment be subrogated to the mortgagor's * * * right of recovery and claim upon the collateral to the mortgage debt without impairing the mortgagee's * * * right to sue."

MIDDLETON, PJ.

It is clear, we think, from the last provision, that to entitle the company to the benefits therein provided, it is not necessary that the company must make it appear to the mortgagee that in fact it is not liable to the assured on the policy nor is such requirement imposed upon it as to any other party.   When the insurance company makes a payment to the mortgagee under the claim that it is not liable to the assured and the mortgagee accepts such payment, the company is thereby subrogated to the rights of said mortgagee to the extent of such payment.   This transaction between the company and the mortgagee is wholly independent of the contractual rights of the assured.   It concerns the company and the mortgagee only.   It does not in any manner foreclose any of the rights of the assured or deprive him of any remedy he may wish to employ against the company to enforce such rights.   The adjustment of the assured's rights against the company and the liability of the latter to the former must be made between them alone.

Now it is shown by the evidence in the instant case that the plaintiff insurance company paid to the mortgagee, its co-plaintiff, the sum of Five Thousand Dollars which was credited on the note hereinbefore described and that such payment was made by the insurance company under the claim that as to the assured no legal claim existed.   These facts are recited in the article of subrogation and assignment which was then made by the mortgagee, duly signed and delivered to the insurance company. When this article was entered into and said sum of Five Thousand Dollars was accepted, the insurance company thereby became the owner of the mortgaged note and the mortgage to the extent of Five Thousand Dollars and was subrogated to all of the rights of the mortgagee in respect to that amount, and its payment by the mortgagor.

It is the contention of the defendants that the plaintiff insurance company became liable to them on their policy of insurance for the full amount of the same and that therefore said company has no right to enforce against them any claims which may have come to it by reason of the asignment of the note and mortgage as aforesaid.

From their attitude it would seem that they rely upon the fact that the property was destroyed by fire, as proof sufficient to establish the liability of the insurance company on its contract to them, but a contract of insurance does not differ from any other contract when a party to a contract seeks to enforce its provisions he must plead and prove full performance of its conditions on his part, or show some legal cause for non-performance.   This court does not know what the assured did or what they may have failed to do.   In their answer to the petition they do not plead any facts which standing independent would entitle them to a recovery upon their policy of insurance. They simply deny that the plaintiff insurance company has any interest in said note or that it was subrogated to the rights of the mortgagee under said note and mortgage.

In this state of the pleadings and the evidence, nothing remains for this court to do but to grant the prayer of the plaintiff's petition, unless the defendants desire to so amend their answer as to enable them to establish the liability of the company under their policy of in-

surance. If the defendants desire to raise this issue by amended pleadings they may do so and when the court is so advised it will fix a time within which such amended pleadings shall be filed.

Otherwise a decree may be entered in favor of the plaintiffs as prayed for in their petition and the cause is remanded to the Court of Common Pleas for execution.

(Mauck, J., concurs.)